IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FAYYAZ H. HASHMI, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-941-C |
| | ) | |
| (1) NORMAN REGIONAL HOSPITAL TRUST AUTHORITY; | ) ) | |
| (2) KYLE WILSON TOAL, M.D., Individually; | ) | |
| (3) DAVID WHITAKER, Individually; | ) | |
| (4) CHARLES THOMPSON, Individually; | ) | |
| (5) JASON EDWARD LEONARD, M.D., Individually; | ) ) | |
| (6) JAMES MICHAEL ALVIS, M.D., Individually; and | ) ) | |
| (7) JOHN DOES 1 through 10, inclusive, in their individual capacities, | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Fayyaz Hashmi, M.D., brought this action alleging federal Sherman Act, due process, and equal protection violations, as well as supplemental state law antitrust and intentional interference with a prospective business relationship claims. Plaintiff brought these claims regarding his 2005 application for medical staff membership with Defendant Norman Regional Hospital Trust Authority. In the course of discovery, Plaintiff served Defendant with five interrogatories and seven requests for production of documents. Defendant objected to each of these discovery requests on several grounds, including their contention that the discovery sought peer review and credentialing committee information that is privileged and protected from disclosure. (See Pl.'s Mot., Dkt. No. 58, Ex. 4; Def.'s

Resp., Dkt. No. 59, at 1.) Pursuant to Fed. R. Civ. P. 37(a) and LCvR37.1, Plaintiff has filed a motion to compel Defendant to respond completely, and Defendant has responded. Accordingly, this matter is now at issue.

Plaintiff argues that Defendant's claim of peer-review privilege[*] is inapplicable to this case. "[T]he basis of Plaintiff's motion is grounded in a recent decision from the Northern District" of Oklahoma, Cohlmia v. Ardent Health Servs., LLC, 448 F. Supp. 2d 1253 (N.D. Okla. 2006). (Pl.'s Mot. at 4.) In Cohlmia, a physician and his surgical care corporation brought a variety of claims alleging violations of the Sherman Act, the Clayton Act, the Oklahoma Antitrust Reform Act, and others regarding his summary suspension and the failure to renew his staff privileges. The parties were directed to file briefs with the court regarding the applicability of defendants' anticipated assertion of peer-review privilege. Cohlmia, 448 F. Supp. 2d at 1272. The Cohlmia court found that the peer-review privilege did not apply and ordered "unfettered" discovery, subject to an agreed protective order. Id. at 1273-74.

In finding the peer-review privilege inapplicable, the Cohlmia court primarily relied upon the fact that the plaintiffs were asserting federal antitrust claims, for which "the public interest in private enforcement . . . is simply too strong to permit the exclusion of relevant and possibly crucial evidence by application of the [peer review] privilege." Id. at 1273

---

[*]Peer-review privilege is generally defined as "[a] privilege that protects from disclosure the proceedings and reports of a medical facility's peer-review committee, which reviews and oversees the patient care and medical services provided by the staff." Black's Law Dictionary 1236 (8th ed. 2004).

(second alteration in original) (internal quotation marks omitted). The court noted that Congress failed to enact such a privilege in the Health Care Quality Improvement Act of 1986 and that "in a case involving peer review in academic tenure cases, the U.S. Supreme Court noted, 'We are especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself.'" Id. (quoting Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990)).

The plaintiffs in Cohlmia, similar to Plaintiff here, also alleged claims under state antitrust and tort laws, but that court did not consider the presence of state-law claims to alter its analysis regarding the peer-review privilege as applied to the federal claims. See id. ("'Although the complaint states a pendent state claim to which the information sought would also be relevant, this fact does not require a different result [because] it would be meaningless to hold the communication privileged for one set of claims and not the other.'" (quoting Mem'l Hosp. for McHenry County v. Shadur, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981) (alteration in original)). The Cohlmia court additionally pointed out that there is a lack of clarity as to the interplay of Oklahoma's statutes that recognize the peer-review privilege and how these statutes would be applied in such an antitrust case. Id. at 1274 & n.10.

Defendant asserts, inter alia, that because a motion is pending which, if granted, would dismiss Plaintiff's federal claims, it would be premature for the Court to determine the applicability of the peer-review privilege or to rely upon the holding of Cohlmia. (Def.'s Resp. at 2-4. Defendant argues that the Court must address the federal Sherman Act and

3

antitrust issues before ruling on the applicability vel non of the peer-review privilege. Defendant further claims that public policy supports the peer-review privilege and that it would be prejudiced by a requirement to answer and produce documents if the federal claims are then dismissed from this case.

It is unnecessary to address Defendant's other arguments because the Court agrees that it would be premature to compel Defendant to provide the requested information. Plaintiff's sole argument is based upon a case holding that is, in turn, based upon the presence of federal claims in the underlying litigation and an interpretation of federal policy regarding the peer-review privilege. Thus, if the federal claims ultimately are eliminated from this case, Plaintiff's discovery argument will have to be re-examined in light of the remaining claims.

Plaintiff additionally requested attorney's fees incurred in preparing and filing his motion to compel. Given the reasonable grounds for disagreement on this issue, the Court finds that an award of expenses to either party would be unjust. See Fed. R. Civ. P. 37(a)(4)(C).

## CONCLUSION

Plaintiff's motion to compel (Dkt. No. 58) is therefore DENIED. If the parties are unable to resolve any remaining dispute over these specific discovery requests following disposition of the pending motion for summary judgment, , Plaintiff is granted leave to file a second motion to compel within five days of the date of disposition.

IT IS SO ORDERED this 4th day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge